```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


John W. Garland,                :

       Plaintiff,               :

    v.                          :       Case No. 2:10-cv-0028

Commissioner of Social          :       JUDGE MARBLEY
Security,                               MAGISTRATE JUDGE KEMP

       Defendant.               :
```

                         OPINION AND ORDER

                                 I.

    This is a social security case in which the plaintiff first filed for benefits on August 10, 1995.  Previous judicial proceedings took place in the United States District Court for the Northern District of Georgia.  In 2005, a Magistrate Judge of that court recommended that the denial of plaintiff's claim be reversed and that plaintiff be awarded benefits.  United States District Judge Jack T. Camp modified that recommended disposition to a sentence four remand.  After remand, hearings were held before an Administrative Law Judge in 2007 and in 2008.  Ultimately, the Administrative Law Judge awarded benefits (which were supplemental security benefits only) from 1999 forward.  Thus, this case only involves the rejection of plaintiff's claim that he established disability prior to 1999.

    After the usual briefing occurred, a Magistrate Judge of this Court issued a Report and Recommendation on October 28, 2010, recommending that a further sentence four remand occur.  The basis of that recommendation was the Magistrate Judge's conclusion that the Administrative Law Judge had failed to comply with the previous order of remand as it related to evaluating the extent to which plaintiff's alcohol abuse contributed to his

disability. In particular, the Magistrate Judge found that an improper and previously-rejected rationale had been used by the ALJ to discount, again, an opinion from an examining mental health professional, Dr. Kittrell, and that the ALJ's decision was thereby in conflict with the order of remand.

On November 8, 2010, plaintiff filed a "response" to the Report and Recommendation in which he argues that the case should not be remanded under sentence four of 42 U.S.C. §405(g) but that he should be awarded benefits dating back to his alleged onset date in 1992. Two days later, the Commissioner filed a separate objection to the Report and Recommendation as well as a response to plaintiff's filing. It is the Commissioner's position that no remand is necessary and that the administrative decision under review should be affirmed. The Court, in conducting its *de novo* review of the objections, is thus presented with three choices: to award plaintiff benefits, to adopt the recommendation of another sentence four remand, or to decide the case in the Commissioner's favor. For the following reasons, the Court chooses the second option.

II.

First, the Court rejects plaintiff's request that the case be remanded for a further award of benefits. In support of that argument, plaintiff cites to decisions such as <u>Felisky v. Bowen</u>, 35 F.3d 1027, 1041 (6th Cir. 1994), for the proposition that if no factual issues remain to be resolved and the proof of disability is overwhelming, the Court should not remand for further factual development, but simply order that benefits be awarded. That is a correct statement of the law, but it is not applicable to this case.

As the Report and Recommendation points out, the reason for the prior remand was not to direct the Commissioner to accept Dr. Kittrell's opinion; had that been Judge Camp's intent, he would

have adopted the recommendation of the Magistrate Judge to award benefits rather than remanding the case for further factual development and analysis.  Consequently, this Court cannot find that the simple failure to accord controlling weight to Dr. Kittrell's opinion is a violation of the prior remand order.  The prior order left it up to the Commissioner to decide how to treat Dr. Kittrell's 1995 opinion, within limits - those limits being the inability to use the same rejected rationale to accord little weight to that opinion.  If that is what occurred (and the next part of this Opinion will discuss that conclusion, which the Commissioner contests), then it is still a matter for factual development and analysis, which is to be accomplished on remand rather than undertaken by this Court.

     The Commissioner argues that the ALJ did, in fact, comply with the prior remand order.  According to the Commissioner's objection, one basis of the prior remand order was that the ALJ had discounted Dr. Kittrell's two opinions (both of which supported a finding of disability) because, at least in the ALJ's view, Dr. Kittrell was not aware of the extent of plaintiff's alcohol use when he expressed his opinions and plaintiff was actively drinking at the time of the evaluations.  Judge Camp found that the record did not support these conclusions.  As to the 1995 opinion (the only one now at issue because the 2000 opinion post-dates the effective date of the partial award of benefits), the Commissioner contends that the ALJ used a different, and acceptable, reason for again according it little weight: "that Dr. Kittrell did not offer any opinion on which limitations would remain in the absence of alcohol use." Defendant's Response and Objection, Doc. #26, at 3.

     The discussion of Dr. Kittrell's 1995 opinion is found at pages 910-911 of the administrative record.  The ALJ acknowledged that the opinion, and particular the GAF rating of 45, is "an

indication of serious limitations." However, the ALJ (in language repeated twice in the administrative decision) stated that "the claimant's alcohol dependence was material in estimating the (GAF) and no assessment was made on whether the limitations would remain in the absence of alcohol abuse. Therefore his opinion is given little weight." (Tr. 911, 911-12).

    While this reasoning, on its face, appears to differ from the prior reasons given for discounting Dr. Kittrell's opinion, what is important is whether the basis of the ALJ's conclusion that Dr. Kittrell's view of plaintiff's limitations expressly took into account alcohol use or abuse is the same basis on which his opinion was previously rejected. Earlier in the administrative decision, the ALJ interpreted Dr. Kittrell's opinion as stating that plaintiff's alcohol use "significantly lowered his global assessment of functioning." (Tr. 910). In fact, nowhere in Dr. Kittrell's opinion does he state that the diagnosis of alcohol dependency - which was not the first diagnosis (that was chronic PTSD) nor the only diagnosis - was a significant consideration in his findings of limitations that can be viewed as inconsistent with the ability to work on a sustained basis. A fair reading of the summary of his report (Tr. 247) would indicate just the opposite. Far from suggesting that alcohol use was a primary cause or even a contributing cause of limitations, Dr. Kittrell focused on such things as "a pattern of isolation," "mild to moderate personality decompensation," "mixed affective dysfunction," preoccupation with somatic concerns, depression, anxiety, and restrictive daily behavioral patterns. Thus, there is no support for the rationale articulated in the administrative decision now under review. Consequently, whether the "new" rationale is, as the Magistrate Judge found, simply another way of saying that, again, Dr. Kittrell imposed

-4-

limitations while unaware of the extent of plaintiff's alcohol problem, or whether it incorrectly attributes to Dr. Kittrell a conclusion that he never reached, it is clear that a sentence four remand is needed in order to have the ALJ give appropriate weight to the opinion which Dr. Kittrell actually expressed, to weigh it against other evidence of record, to obtain clarification, if necessary, as to how much of a role alcohol abuse actually played in Dr. Kittrell's assessment, and to render a decision - whether favoring the plaintiff or not - which both complies with the prior remand order and which finds substantial support in the record.

III.

For these reasons, the objections of both parties (#25 and #26) are **OVERRULED** and the recommendation of a sentence four remand is **ADOPTED.**  The plaintiff's statement of errors is **SUSTAINED IN PART** and this case is **REMANDED** to the Commissioner pursuant to 42 U.S.C. §405(g), sentence four, for further proceedings consistent with both this and the prior District Court decision.

                                                 s/Algenon L. Marbley
                                                 Algenon L. Marbley
                                                 United States District Judge